**Opinion filed July 20, 2017**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00333-CR

_____

## RICHARD MORENO ORTEGA, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16973B**

### M E M O R A N D U M   O P I N I O N

Richard Moreno Ortega, Jr. pleaded guilty to the first-degree felony offense of possession of cocaine with the intent to deliver in a drug-free zone. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(d), 481.134(c) (West 2017). The trial court convicted Appellant, assessed his punishment, and placed him on community supervision. The State subsequently filed a motion to revoke Appellant's

community supervision.  At the revocation hearing, Appellant pleaded true to three of the State's allegations in the motion to revoke.  The trial court found two of the State's allegations to be true, revoked Appellant's community supervision, and imposed the original sentence of confinement for ten years and a fine of $1,000.  We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit.  Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record.  Counsel also advised Appellant of his right to review the record and file a response to counsel's brief.  Appellant has not filed a pro se response.[1]

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).  In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.  *Schulman*,

---

[1]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

July 20, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.